A. Franklin Mahoney, J.
On October 29,1968 plaintiff Hepper purchased real property in the Town of Hillsdale, New York, and on the same day filed a certificate of conducting business in the 'County 'Clerk’s office for 'Columbia County. It was plaintiff’s intention to conduct on the premises purchased a resident self-help center for individuals 16 years and older who are dependent on narcotics or drugs.
On November 1, 1968 the Town of Hillsdale, acting under powers granted it by subdivision 15 of section 130 of the Town Law, passed an ordinance that made it a misdemeanor to use any building, structure or premises, directly or indirectly for the treatment, care, rehabilitation or occupation by any person addicted to the use of any narcotic or drug or to knowingly bring, send or transport into Hillsdale any .such person, or for any architect, carpenter, builder, contractor or supplier of building materials to perform or sell services or supplies to any such organization or individual. Each violation is subject to a fine of $100 a day.
Alleging substantial harm personally (possible conviction of misdemeanor by reason of continued operation of premises in violation of ordinance) and to his enterprise (no State approval of certificate of incorporation while in violation of local ordinance ; delay of application for tax-exempt status under Internal Revenue laws with concomitant loss of private tax-free contributions and inability to apply for State funding program under rules and regulations of Narcotic Addiction Control Program) plaintiff commenced an action seeking judgment declaring the ordinance to be unconstitutional and void. The *449 defendant town denied generally the allegations of unconstitutionality but did not affirmatively plead any defense. Within the framework of these pleadings the plaintiff moves for summary judgment (CPLR 3212) on the ground that no triable issue of fact has been raised and only a question of law is presented for resolution. I concur. There is a justiciable controversy invoking a pure question of law. An action for declaratory judgment is appropriate (Park Ave. Clinical Hosp. v. Kramer, 19 N Y 2d 958) and, in the absence of factual issues, summary judgment is available as a form of accelerating the determination of the controverted legal question.
The New York Constitution contains express provisions for the conferring by the State Legislature of legislative powers upon cities, counties (towns) and villages (N. Y. Const., art. IX, §2). Included among those powers delegable to political subdivisions of the State is one known as the police power. This loosely defined power permits appropriate municipal corporations to regulate and protect the lives, health and safety of their citizens. Of course, municipalities and other political subdivisions of the State may not exercise the police power in such a way as to conflict with organic laws of State-wide application (Matter of Molnar v. Curtin, 273 App. Div. 322, affd. 297 N. Y. 967). The necessary avoidance of conflict of local ordinance with State law in the same area is crucial to the resolution of the question here presented. Obviously, if the State has enacted a comprehensive program as reflected in statutory law to protect the safety, morals, health and general welfare of all the citizens of the State as they might be affected by narcotic or drug addiction, then the greater sovereign has pre-empted this area of concern and all ordinances of political subdivisions in conflict with that general law must fall. Such is the case here.
Section 200 of article 9 of the Mental Hygiene Law states as follows: [enacted in 1962]
“ The legislature finds and determines as follows:
“ 1. The human suffering and social and economic loss caused by the disease of drug addiction are matters of grave concern to the people of the state. The magnitude of the cost to the people of the state for police, judicial, penal and medical care purposes, directly and indirectly caused by the disease of drug addiction, makes it imperative that a comprehensive program to combat the effects of the disease of drug addiction be developed and implemented through the combined and correlated efforts of federal, state, local communities and private individuals and organizations. * * *
*450 “ 3. Experience has demonstrated that narcotic addicts can be rehabilitated and returned to useful lives only through extended periods of treatment in a controlled environment followed by supervision in an aftercare program. The purpose of this article is to provide a comprehensive program of human renewal of narcotic addicts in rehabilitation centers and aftercare programs. The comprehensive program provided by this article is designed to assist the rehabilitation of narcotic addicts. It applies to addicts who are not accused of crime, as well as addicts accused or convicted of crimes. The program is further designed to protect society against the social contagion of narcotic addiction and to meet the need of narcotic addicts for medical, psychological and vocational rehabilitation, while safeguarding the liberty of individuals against undue interference. ’ ’
Section 203 of the same act established the Narcotic Addiction Control Commission under the Department of Mental Hygiene and by subdivision 9 of section 204 empowered the commission to establish and operate rehabilitation centers and other facilities for the care, treatment and rehabilitation of addicts. Subdivisions 11 and 12 of the same section authorize the commission to approve facilities and to assign or transfer addicts to the facilities or supervision of, among others, associations or corporations providing facilities or services approved by the commission. Implicit in the statutory language is the legislative intention of private individuals or associations or corporations qualifying as such an approved center or facility. The machinery for such qualification by corporations is set forth in section 35 of the Social Services Law. Section 213 of the Mental Hygiene Law also provides that no narcotic addict certified to the care of the Commissioner shall be transferred to or retained by any person, association or corporation unless such facility is approved by the commission. Further, subdivision 2 of section 213 provides that an applicant for such approval as a private facility is entitled to a public hearing if the commission proposes to disapprove the application.
Clearly, from all of the above, it can be safely said that the State has an abiding interest in the control and rehabilitation of addicts and in furtherance of that interest has legislated an extensive and comprehensive program including the use of qualified private facilities. Against this background the local ordinance under attack must pass the test of reasonableness. Such legislation must be considered in light of the problem which it purports to control or regulate. The Town of Hillsdale takes the position that drug and narcotic addiction is a social evil and its ordinance is salutary in that it combats such evil. However, *451 little argument is required, after a comprehensive and sympathetic reading of the ordinance, to conclude that the thrust and import of the act is not to regulate or control a drug rehabilitation center in the town but to prohibit such centers from operating. The purpose of the ordinance is obviously inconsistent with the organic law of the State and, therefore, is unreasonable, arbitrary and oppressive to a valid State purpose. This is not to say that the town, pursuant to subdivision 15 of section 130 of the Town Law, cannot legislate in this area. But such legislation cannot be so oppressive in nature so as to remove the town from participation in an over-all State program. Such would be the effect if the challenged ordinance is allowed to stand.
It is, therefore, the view of the court that local Ordinance No. 1 of the Town of Hillsdale for the year 1968 is arbitrary, oppressive and inconsistent with article 9 of the Mental Hygiene Law of .the State of New York. It is declared to be void.
Motion for summary judgment to the extent that such law he declared to be void is granted.